# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FIRSTBANK OF PUERTO RICO,<br><br>　Plaintiff,<br><br>　v.<br><br>ROSTA FAMILY LIMITED PARTNERSHIP,<br>　et al.,<br><br>　Defendants. | Civil No. 16-1816 (DRD) |
| DORAL BANK; DORAL FINANCIAL CORPORATION; DORAL MORTGAGE LLC; DORAL RECOVERY II, LLC and DORAL RECOVERY, INC.<br><br>Plaintiffs,<br><br>v.<br><br>COSTA REAL, S.E.; COSTA DORADA HOMEOWNERS' COUNCIL, through its BOARD OF DIRECTORS; COSTA DORADA RESIDENTS' ASSOCIATION, represented by their president ANA VALORES MOLINI<br><br>Defendant.<br><br>BANCO POPULAR DE PUERTO RICO,<br><br>Intervening Party (Pending)<br><br>v.<br><br>COSTA REAL, S.E.; COSTA DORADA HOMEOWNERS' COUNCIL, through its BOARD OF DIRECTORS; COSTA DORADA RESIDENTS' ASSOCIATION, represented by their president ANA VALORES MOLINI,<br><br>Defendants. | Consolidated with:<br><br>　15-1683<br>　15-1684<br>　15-1685 |

**OPINION AND ORDER**

*FirstBank of Puerto Rico v. Rosta Family Limited Partnership, et al.* was filed on April 25, 2016, as Civil Case No. 16-1816 (DRD), and consolidated with the following cases: Civil Case No. 15-1683, Civil Case No. 15-1684 and Civil Case No. 15-1685. *See* Docket No. 27.

**INTRODUCTION**

Pending before the Court is a *Motion for Summary Judgement in Case No. N3CI201400650* ("Motion for Summary Judgement") filed on February 12, 2015, in Civil Case No. N3CI201400650 in the state court by Doral Bank; Doral Financial Corporation; Doral Mortgage Llc; Doral Recovery II, LLC and Doral Recovery, Inc. (collectively "Doral"). *See* Docket No. 132.[1] Doral's *Motion for Summary Judgment* was later removed to the district court under Civil Case No. 15-1683 on May 27, 2015. On November 2, 2016, Civil Cases No. 15-1683, 15-1684, and 15-1685 were consolidated with Civil No. 16-1816 (DRD), filed on April 25, 2016. S*ee* Docket No. 27. As part of the consolidation, the Court has now pending Doral's *Motion for Summary Judgment* as stated in the *Motion to Sever Independent Action and to Stay Lead Case* ("Motion to Sever") filed on February 17, 2017 at Docket No. 81. For the reasons set forth below, Doral's Motion for Summary Judgment is **GRANTED**. The *Motion to Sever* and to stay the main case will be entertained on this same date separately.

In Doral's *Motion for Summary Judgment* filed at Docket No. 132, Civil Case No. 16-1816 (DRD), Doral challenges the Puerto Rico Appeals Court ("Appeals Court") decision declaring null and void Deed No. 72, which established restrictive covenants, easements, and/or right of way over the lot where the four condominiums were located, for failure to include certain indispensable parties, such as, BPPR, Doral and any bank that had provided financing to the titleholders of the four condominiums.[2] Consequently, all the

---

[1] We are only now addressing the *Motion for Summary Judgment* because initially we were unaware that it was still pending in the state court, notwithstanding the notifications by the Parties in regards to the matter. The *Motion for Summary Judgement* did not appear in the case Docket as a pending motion because it was never duly registered nor recorded in the federal docket; it was only attached as an exhibit as part of the motions submitted before the Court.

[2] Several of the lots described in Deed No. 72 and which were constituted with easements of right of way, use and enjoyment include those destined to be used as lots upon which to build four different condominiums. These include: Lots B and C, which were used to build "Condominium Costa Dorada"; Remnants II and III which were used to build

pending deeds of purchase and sale and deeds of mortgage that are intertwined with Deed No. 72 cannot be registered with the Property Registry pursuant to the decision of the Appeals Court.

Regarding Case No. N3CI201400650, Doral alleges that they, alongside Intervening Party Banco Popular de Puerto Rico (BPPR), were indispensable parties to case N3CI200700551.[3] As such, they contend that by not including Doral and BPPR, as well as any other indispensable party, in said suit, the judgment and appellate proceedings related to Case No. N3CI201400650, especially in regards to the annulment of Deed No. 72, must be vacated.[4] Doral's *Motion for Summary Judgment* stands unopposed, as of the date of removal.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts in the present case are undisputed. Deed No. 72 was executed on December 21, 2001, wherein Costa Real, S.E. constituted easements of right of way, use and enjoyment over multiple property lots. *See* Docket No. 133-11. Thereafter, Deed No. 72 was presented before the Property Registry on January 25, 2002 and is pending recordation at Entry 151 of Ledger 151. *See* Docket No. 133-12. Deed No. 60 of Surface Area Correction, Segregations and Description of Remainder was also filed in the Registry Property that same day. *See* Docket No. 133-13. Both deeds were registered in the Property Registry under property number 23, 742 at volume 510, page 107 and at volume 510, page 106, respectively. *See* Docket No. 51-7.

On July 30, 2007, Costa Real, S.E. filed a complaint (Civil Num. N3CI201200773) in the state court wherein it requested the transfer of ownership of the recreational facilities to the Homeowner's Council and requested that certain provisions included in Deed No. 72 be complied with. *See* Docket No. 134-1. Costa

---

"Costa Dorada II"; Remnant I was used to build the project called "Costa Azul." The fourth condominium project is to be called "Costa Verde." *See* Docket No. 133-11, at 6.

[3] Case No. N3CI2014000650 was consolidated to Case No. N3CI201200773 on November 24, 2014. *See* Docket No. 134-15. Case No. N3CI201200773 was further consolidated with 26 other cases. These 26 other cases are enumerated in Docket No. 1-3, of Case No. 15-1685. This Case No. 15-1685 was consolidated with the instant case pursuant to Order issued on November 2, 2016. *See* Docket No. 27 of the instant case.

[4] This Opinion and Order is not intended to be an attack or any critic on the decision issued by the Court of First Instance in Civil Case No. N3CI200700551. Rather it is intended to shed light on the fact that the Parties in the aforementioned proceeding failed to include "named" as opposed to fictitious names (John Doe, etc.) as indispensable parties, and as such any allegations they made in said suit should be declared null and void.

Real, S.E. did not serve process on Doral and did not include them in the complaint as parties in interest. *See* Docket No. 133-4. While Costa Real, S.E. only identified certain defendants in the original complaint as John Doe and Jane Doe, the complaint was not properly amended to identify these unknown defendants, or to include any other indispensable party. *See* Docket No. 134-3.

On August 6, 2007, the Council of Titleholders of Costa Dorada and/or/ Association or Residents of Costa Dorada, answered the Complaint and counterclaimed requesting that Deed No. 72 be declared null and void. *See* Docket No. 134-4. Most notably, Costa Dorada's Council of Titleholders did not join as parties any of Costa Dorada's titleholders or mortgagees of units already sold at Costa Dorada condominium. *Id.*; *see also* Undisputed Facts No. 25 and 26 at Docket No. 133-7. When the Costa Dorada's Homeowners' Council filed Civil Case No. N3CI200700551, Doral had mortgage interests in several of the units of the Costa Dorada complex pending registration in the Property Registry. *See* Docket Nos. 133-15 and 134-5.

On September 17, 2007, the Costa Dorada Owners Council and/or Res. Assoc. filed a request for partial summary judgment alleging that Deed No. 72 was unenforceable. However, in said request for partial summary judgment, Costa Dorada Owners' Council did not include the rights of titleholders or mortgagees, such as those belonging to Doral or BPPR, presented after the filing of Deed No. 72. *See* Docket No. 134-7. The Court of First Instance granted an *Injunction* and established that Deed No. 72 was valid; however, after the Appeals Court, on April 23, 2008, issued an Order reversing the Court of First Instance and declared null and void Deed No. 72. *See* Docket Nos. 134-8 and 134-12, respectively.[5] Doral, BPPR, and other financial institutions and/or parties with rights pending recordation in the Property Registry, such as mortgagees, were not notified of the Appeals Court's decision. *See* Docket No. 133-10.

Following the Appeals Court's decision in Civil Case No. KLAN200701677, Ana Valores Molini, wife of Horacio Gilormini and president of the Costa Dorada's Homeowners' Council Board alongside other

---

[5] Civil Case No. N3C1200700551 was not removed to the district court nor consolidated with instant case No. 16-1816, as Judgment was entered on October 30, 2007. *See* Docket No. 133-10, ¶17. The appeal to said decision was filed in the Appeals Court by the Council of Titleholders and the Association of Residents of Costa Dorada under Civil Case No. KLAN200701677. *See Id.* at ¶ 18.

Council members filed Civil Case No. N3CI201200773. This case was later consolidated with the case at bar pursuant to Order issued on November 14, 2014 by the Court of First Instance. *See* Docket No. 134-15. Doral contends that lawsuit N3CI201200773 aims to have several mortgages benefitting Doral and other financial institutions declared null. On February 3, 2015, the Registrar declined to record deeds of sale and mortgage because they lacked the right of way, use and enjoyment, after Deed No. 72 was declared null and void by the Appeals Court. *See* Docket No. 134-16. Hence, multiple deeds of mortgage that stem from Deed No. 72, and presented by several financial institutions, have been unable to be properly registered in the Property Registry, as the Registrar has declined recordation.

Doral further alleges that the Appeals Court's ruling and the actions of the Property Registrar have caused serious financial implications for Puerto Rico's economy. *See* Docket No. 134-17. This impact is two-fold because it not only affects the financial institutions who acted as mortgagees, but also the homeowners who subscribed the mortgages in the first place and lack any access to their homes. In essence, these homeowners, in particular those who own apartments in Costa Dorada I and Costa Dorada II, lost access to the right of way, use and enjoyment conferred by Deed No. 72. *See* Docket No. 133-7, ¶ 22.

**SUMMARY JUDGMENT**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be entered after a moving party passes a two-prong test. A summary judgment is justified where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). A fact is "material" when it has the potential to change the outcome of the suit under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On the other hand, a fact is "genuine" when there is sufficient evidence wherein a "reasonable jury could return a verdict for the nonmoving party." *Id.* Thus, it is well settled that "the mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. *Id.*, at 252.

After the moving party meets this burden, the responsibility shifts to the non-moving party to show that there still exists "a trialworthy issue as to some material facts." *Cortés-Irizarry v. Corporación Insular De Seguros*, 111 F.3d 184, 187 (1st Cir. 1997) (*citing Coyne v. Taber Partners I*, 53 F.3d 454, 457 (1st Cir. 1995)). At the summary judgment stage, the trial court reviews "the record 'in the light most flattering to the non-movant and indulg[es] in all reasonable references in that party's favor.' Only if the record, viewed in that manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." *Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir. 1997) (internal citations omitted). However, summary judgment is inappropriate where there are issues of motive and intent as related to the material facts. *See Poller v. Columbia Broad. Sys.*, 368 U.S. 464, 473 (1962)(summary judgment is to be issued "sparingly" in litigation "where motive and intent play leading roles"); *see also Dominguez-Cruz v. Suttle Caribe, Inc.,* 202 F.3d 424, 433 (1st Cir. 2000)(finding that "determinations of motive and intent ... are questions better suited for the jury").

Conversely, summary judgment is appropriate where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 95 (1st Cir. 1996) (internal citations omitted). However, while the Court "draw[s] all reasonable inferences in the light most favorable to [the non-moving party] ... we will not draw *unreasonable* inferences or credit bald assertions, empty conclusions, [or] rank conjecture." *Vera v. McHugh*, 622 F.3d 17, 26 (1st Cir. 2010)(internal quotations and citation omitted).

Further, the Court will not consider hearsay statements or allegations presented by parties that are not properly supported by the record. *See* D.P.R. Civ. R. 56(e)("The [C]ourt may disregard any statement of fact not supported by a specific citation to the record material properly considered on summary judgment. The [C]ourt shall have no independent duty to search or consider any part of the record not specifically referenced."); *see Morales v. Orssleff's EFTF*, 246 F.3d 32, 33 (1st Cir. 2001) (citing which held that, where a party fails to reinforce factual issues with correct record citations, judgment against that party may be appropriate); *see also Caraballo v. Hospital Pavia Hato Rey Inc.*, 2017 WL 1247872, *4 (D.P.R. May 31, 2017).

Most notably, if a defendant fails to file an opposition to the motion for summary judgment, the district court may consider the motion as unopposed and disregard any subsequently filed opposition. *See Velez v. Awning Windows, Inc.*, 375 F.3d 35, 41 (1st Cir. 2004). Furthermore, the district court must take as true any uncontested statements of fact. *Id.* at 41-42; *see* D.P.L.R. 311.12; s*ee Morales*, 246 F.3d at 33 ("This case is a lesson in summary judgment practice.... [P]arties ignore [Rule 311.12] at their own peril, [and] ... failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies deeming the facts presented in the movant's statement of undisputed facts admitted.")(internal citations and quotations omitted). Nonetheless, this does not mean that summary judgment will be automatically entered in favor of the moving party, as the court "still has the obligation to test the undisputed facts in the crucible of the applicable law in order to ascertain whether judgment is warranted." *See Velez*, 375 F.3d at 42.

## DISCUSSION

When considering whether the Court should grant Doral's *Motion for Summary Judgment*, the Court must first evaluate if the failure to include Doral, BPPR and other financial institutions as indispensable parties in Civil Case No. N3CI200700551 is a material fact which would alter the outcome of the suit. For the reasons discussed herein, we agree with Doral's arguments and conclude that Doral, BPPR, as well as any other financial institution that may have provided financing to any of the titleholders of any Costa Real, S.E. condominiums, to wit, Costa Dorada I, Costa Dorada II, Costa Real and Costa Azul, must be included as indispensable parties in the instant consolidated litigation.

### Are Mortgagees Indispensable Parties?

Historically, Courts have defined an indispensable party in one of three ways:

> (1) without whom the court cannot accord complete relief; or (2) who claims an interest relating to the subject of the action and is situated such that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest; or (3) whose claimed interest in the subject of the action would leave defendants subject to substantial risk of incurring multiple or otherwise inconsistent obligations.

*See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-119 (1968). In *Patterson*, the Court held:

7

> **Whether a person is "indispensable," that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation**. . . . Rule 19 does not prevent the assertion of compelling substantive interests; it merely commands the courts to examine each controversy to make certain that the interests really exists. **To say that a court "must" dismiss in the absence of an indispensable and that it "cannot proceed" without him puts the matter the wrong way around: a court does not know whether a particular person is "indispensable" until it had examined the situation to determine whether it can proceed without him**. (Emphasis ours).

*See also In re Cambridge Biotech Corp.*, 186 F.3d 1356, 1372 (Fed.Cir.1999); *Cruz-Gascot v. HIMA-San Pablo Hosp. Bayamón*, 728 F. Supp. 2d 14, 26-27 (D.P.R 2010) (*citing* Fed. R. Civ. P. 19(a)).

The mirror rule in Puerto Rico is Rule 16.1 of the Puerto Rico Rules of Civil Procedure of 2009. Said rule defines an indispensable party as "[the] persons having a common interest without whose presence the controversy cannot be adjudicated, shall be made parties and joined as plaintiffs or defendants accordingly. When a person who should join as plaintiff refuses to do so, she/he can join as defendant." *See* 32 L.P.R.A., App. V, § 16.1. Rule 16.2 of the Puerto Rico Rules of Civil Procedure, on the other hand, focuses on parties who are not indispensable. Said rule provides that persons subject to the Court's jurisdiction, even if they are not considered indispensable parties, can be ordered to appear before the Court if they are needed in order to grant a complete remedy to the persons who are already parties in the lawsuit. *See* 32 L.P.R.A., App. V, § 16.2.

Failure to join an indispensable party in the lawsuit means that the Court lacks the power to affect the rights of said person. This in turn implies that any decision in absence of the necessary persons causes the nullity of any opinion successively issued in the case. *See Unysis Puerto Rico v. Ramallo Bros. Printing, Inc.*, 128 D.P.R. 842 (1991), 28 P.R. Offic. Translations ___ (1991), 1991 WL 735351 (P.R. Offic. Trans.); *García Colón v. Sucn. González*, 178 D.P.R. 527 (2010);[6] *Banco Popular de Puerto Rico v. Toucher Paris, Inc.*, 2015 WL 8358690, at *10 (P.R. Cir. October 19, 2015).[7] Moreover, the issue of a lack of an

---

[6] If any party decides to take an appeal of this *Order*, the appellant shall bear the translation costs of all the cases cited herein, if available at the Puerto Rico Supreme Court Translation Department. In the event that an official English translation is not available at the Puerto Rico Supreme Court Translation Department, then the appellant must procure a certified translation from a U.S. certified translator in Puerto Rico.

[7] This is an opinion issued by the Puerto Rico Court of Appeals. There are no official translations issued by the Puerto Rico Supreme Court of the opinions entered by the Puerto Rico Court of Appeals. In the event of an appeal, the appellant shall request a certified translation to the Puerto Rico Supreme Court and pay the expenses, or request a certified translation of the opinion from a U.S. certified translator in Puerto Rico and bear the expenses.

indispensable party may be raised by appellate forums *sua aponte* because it directly affects the court's jurisdiction over the matters in the suit. *See García Colón*, 178 D.P.R. at 550.

Therefore, as the United states Court of Appeals for the First Circuit stated in *Jiménez v. Rodríguez-Pagán*, 597 F.3d 18, 25 (1st Cir. 2010), "[i]f the court finds that [a] party is anything less than indispensable, the case proceeds without her. If, on the other hand, the court finds that the litigation cannot proceed in the party's absence, the court must dismiss the case." *See also B. Fernandez & Hnos, Inc. v. Kellogg USA Inc.*, 516 F.3d 18, 23 (1st Cir. 2008).

The concept of indispensable party responds to two main principles: 1) the constitutional protection which prevents a person from being deprived of liberty and property without the due process of law, and 2) the need to include an indispensable party in order for the judicial decree to be complete. *See* P.R. Const. Art. II, § 7; *see also Cepeda Torres v. Garcia Ortiz*, 132 D.P.R. 698, 704 (1993).[8]

Likewise, the purpose of Rule 16.1 (and its mirror rule, Rule 19, in the Federal Rules of Civil Procedure, Fed.R.Civ.P. 19(a)) is to avoid a multiplicity of collateral lawsuits related to the original suit. Finally, in order to determine whether a party is an indispensable party and if they should be brought under the court's jurisdiction, the court must consider such factors as place, time, manner, proof, arguments, types of rights in play, results and conflicting interests. *See Granados v. Rodriguez Estrada II*, 124 D.P.R. 593, 605 (1989), 24 P.R. Offic. Translations ___ (1989).

In the case at bar, Doral avers that the ruling made by the Appeals Court in Case No. N3CI200700551 which held that Deed No. 72 was null, as well as its related proceedings, should be declared null and void since said ruling was issued in the absence of indispensable parties. Doral contends that this decree should be declared null pursuant to the Undisputed Facts 24, 28, 29, 31 and 32. *See* paragraphs with those same numbers in Docket No. 133-7. On June 30, 2009 and April 14, 2010, the Property Registrar was ordered to act in regards to the judgment declaring Deed No. 72 null. *See* Undisputed Fact 36 at Docket No. 133-7.

---

8     *See Infra* N.6.

9

Despite the fact that Doral had filed at the Property Registry numerous filings in favor of the appearing parties and others before these above-mentioned Orders were presented before the Property Registrar, the Registrar annulled all related pending registrations. *See* Undisputed Fact 39 at Docket No. 133-7. Therefore the decision of the Registrar negatively affected in a real and immediate way the Owners' Council, the Residential Association, Doral, and other financial institutions, all of which had interests in those pending registrations. *See* Undisputed Fact 41 at Docket No. 133-7. Likewise, in regards to the homeowners, "the annulment of the right of way that was established by the Thirteenth paragraph of Deed [72] had the effect of leaving the horizontal regime and the individual apartments owners locked out of access without having been included in the lawsuit." *See* Docket No. 51-7, at ¶ 27. This also caused "irreparable damage to the appearing parties [both financial institutions and homeowners] without them having had the opportunity to defend themselves and their property and interests" *Id*., at ¶ 28; *see also* Undisputed Fact 45 at Docket No. 133-7.

The undisputed facts reflect that Doral, including the Intervening Party BPPR, are creditors with loans secured by mortgages. *See* Undisputed Fact 27 at Docket No. 133-7. This is even more troubling considering that the Puerto Rico Supreme Court in *Romero v. S.L.G. Reyes*, 164 D.P.R. 721 (2005)[9] expressly stated that mortgage banks, in that case it was Western Federal Savings Bank, are indispensable parties in lawsuits where the validity of deeds which give rise to registrations and mortgage guarantees are under attack. In that case, the Puerto Rico Supreme Court stated that "the Bank, as a mortgagee, should have been given the opportunity to defend its interests, since the order issued by the Court of First Instance could cause [the Bank] direct harm." *Id*. at 739; s*ee also Lugo Beauchamp v. Inversiones Villa Cinco, Inc.*, 2013 WL 4522972 (P.R. Cir. 2013).[10]

The case at bar constitutes a mirror image to the factual scenario stated in the case of *Romero v. S.L.G. Reyes*, 164 D.P.R. 721 (2005), and *Lugo Beauchamp v. Inversiones Villa Cinco, Inc.*, 2013 WL 4522972.

---

[9] *See Infra* N.6. The Court has requested a certified translation of the *Romero v. S.LG Reyes* opinion, since there is none available at the Puerto Rico Supreme Court.
[10] *See Infra* N. 7.

In the instant case, when the Appeals Court declared Deed No. 72 null in Civil Case No. N3CI200700551, it affected "both the debtors' asset, from which the appearing party can collect, as well as the mortgage guarantee, and the Bank's interest on the property that guarantees the loan payment." *See* Docket No. 51-7, at ¶ 34; *see also Romero*, at 738. As such, we concur with Doral that the mortgagees are indispensable parties and should have been included in the complaint for Civil Case No. N3CI200700551, and all related proceedings.

Partial summary judgments aim to allow for a quick remedy in cases where there is no real controversy over the material facts of the case. *See generally Rivera et al. v. Superior Pkg., Inc. et al.*, 132 D.P.R. 115, 133 (1992), 32 P.R. Offic. Translations ___(1992); *Revlon v. Las Americas Trust Co.*, 135 D.P.R. 363, 376 (1994), 35 P.R. Offic. Translations ___ (1994), 1994 WL 909203; *Bryant v. Premium Food Concepts, Inc.*, 220 So. 3d 79, 81 (La Ct. App. 1st Cir. 2017).

A summary judgment is appropriate when the petitioner, in the case at bar the Plaintiffs, are able to show with a preponderance of evidence that there is no controversy regarding the essential facts. *See Jusino Figueroa v. Walgreens of San Patricio Inc.*, 155 DPR 560, 577-78 (2001);[11] *Jones v. American Alternatives Inc. Corp.*, 169 So. 3d 386, 392 (La. Ct. App. 1st Cir. 2002).

In the present case, there is no doubt that Plaintiffs and the Intervening Party BPPR have presented sufficient evidence wherein they have demonstrated the irreparable harm caused by not being included as parties in Civil Case No. N3CI200700551. The matter in question, which contains no issue of material facts, as all the relevant facts are undisputed, is simply whether Doral, BPPR, and any other financial institution with an interest in the instant case are "indispensable parties" in Civil Case No. N3CI200700551. As proven by Doral, they all were indispensable parties at the time of the judgment, and at the time of the filing of the civil case referred herein. As a result, we concur with Doral and **GRANT** the *Motion for Partial Summary Judgment*, thus declaring the annulment of case N3CI200700551 and any related orders or judgments.

---

[11] *See Infra* N. 6.

## CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS** Plaintiffs' *Motion for Summary Judgment in Case N3CI201400650* (Docket No. 132).[12]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of September, 2017.

    /s/ Daniel R. Domínguez
DANIEL R. DOMÍNGUEZ
United States District Judge

---

[12] The Court will refrain from issuing a partial judgment at this time. The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. *See Nichols v. Cadle Co.,* 101 F.3d 1448, 1449 (1st Cir. 1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); *Zayas-Green v. Casaine*, 906 F.2d 18, 21 (1st Cir. 1990) ("This final judgment rule . . . furthers 'the strong congressional policy against piecemeal review.'" *Id.* (*quoting United States v. Nixon*, 418 U.S. 683, 690 (1974)); *Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority*, 888 F.2d 180, 183 (1st Cir. 1989); *Consolidated Rail Corp v. Fore River Ry. Co.*, 861 F.2d 322, 325 (1st Cir. 1988); *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 43 (1st Cir. 1988); *Santa Maria v. Owens-Ill., Inc.*, 808 F.2d 848, 854 (1st Cir. 1986)); *see also United States v. Nixon*, at 690.