## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**FIRSTBANK OF PUERTO RICO, et al.**

      **Plaintiffs,**

      **v.**

**ROSTA FAMILY LIMITED PARTNERSHIP, et al.,**

      **Defendants.**

**Civil No. 16-1816 (ADC)**
**Cons. Civil No. 15-1683 (ADC)**

### <u>MEMORANDUM AND ORDER</u>

On February 27, 2026, United States Magistrate Judge Héctor L. Ramos-Vega issued a Report and Recommendation ("R&R") providing recommendations for the dispositions of several dispositive motions currently pending before the Court. **ECF No. 614**. The parties had fourteen days, until March 13, 2026, to file objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(a), and L. Civ. R. 72(c). Here, no party filed a formal objection to the R&R.[1]

Absent objections, upon review of the Magistrate Judge's exhaustive and well-reasoned R&R, and upon consideration of all pleadings on record, the R&R is hereby fully **ADOPTED** as it pertains to the factual and legal determinations and its recommendations for disposition. *See*

---

[1] FirstBank of Puerto Rico did file a motion titled "Request for an Addition to the Magistrate Judge's Recommendation." **ECF No. 616**. Far from being an objection, FirstBank of Puerto Rico merely requests that the Court take note that it has a pending request for execution of the judgment (**ECF Nos. 607, 612**) that was entered in the lead case, Civ. No. 16-1816. *See* **ECF Nos. 596, 598**. The Court exercised jurisdiction over the lead case and entered judgment because it had an independent jurisdictional basis (diversity) separate from and unaffected by that of the claims in Civ. No. 15-1683 and the jurisdictional questions relevant thereto. The Court's disposition of the claims in Civ. No. 15-1683 does not affect its jurisdiction over the pending request for execution of judgment in Civ. No. 16-1816.

*M. v. Falmouth School Department*, 847 F.3d 19, 25 (1st Cir. 2017) ("Absent objection ... a district court has a right to assume that the affected party agrees to the magistrate's recommendation.") (cleaned up); *see also Roy v. Hanks*, No. 22-1302, 2023 WL 3166353, at *1 (1st Cir. Mar. 6, 2023) ("Only those issues fairly raised by… objections to the magistrate's report are subject to review in the district court….") (quoting *Falmouth*); *United States v. Maldonado-Pena*, 4 F.4th 1, 20 (1st Cir. 2021) ("[W]hen, as here, a party fails to file an objection to an R&R, the party has waived any [appellate] review of the district court's decision.") (citing *United States v. Díaz-Rosado*, 857 F.3d 89, 94 (1st Cir. 2017)).

Accordingly, as per the Magistrate Judge's unchallenged recommendations, the Court **GRANTS** the motions to dismiss **ECF Nos. 552**, **557**, and **561**, deems **MOOT** the motion to dismiss at **ECF No. 560**, and **DENIES** the motion for judgment on the pleadings at **ECF No. 551**. In accordance with the foregoing, the Court hereby **ORDERS**:

1. All claims relating to the validity or non-validity of Deed No. 72 included in state court civil cases number N3CI201200773 and N3CI201400650, to be **DISMISSED WITHOUT PREJUDICE** for mootness, and thus, lack of subject-matter jurisdiction;

2. All pending mortgage foreclosure and/or collection of monies actions against individual titleholders that were consolidated with the state court civil cases number N3CI201200773 and N3CI201400650, which were then removed to this Court under

Civ. No. 15-1683, are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter

jurisdiction[2]; and

3.  The Clerk of Court to enter Judgment in Civ. No. 15-1683 accordingly.[3]

**SO ORDERED**.

At San Juan, Puerto Rico, on this 17th day of March, 2026.

> **S/AIDA M. DELGADO-COLÓN**
> **United States District Judge**

---

[2] Some parties have already amicably settled their mortgage foreclosure and/or collection of monies claims. *See, e.g.*, **ECF Nos. 570, 606**. This dismissal is in no way meant to prejudice the obligations created under and arising from those settlement agreements. However, any question as to their enforcement belongs in the appropriate state court. Likewise, non-settling parties may continue to litigate those mortgage foreclosure and/or collection of monies claims in the appropriate courts.

[3] The Court left Civ. No. 16-1816 administratively open so that the parties could continue filing their motions pertaining to Civ. No. 15-1683 in its docket. *See* **ECF No. 600**. The Clerk may now close Civ. No. 16-1816, without prejudice to the filing of appropriate post-judgment motions such as that pending at **ECF No. 607**.